UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Marcela Vega Garcia ) | |
| A095428145 ) | |
|    Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | PETITION FOR REVIEW OF |
| **Ur M. Jaddou**, Director, USCIS; ) | DENIAL OF APPLICATION FOR |
| **Rob Mather**, District Director USCIS, Denver; ) | NATURALIZATION |
| **Linda Swacina**, District Director USCIS, Miami; ) | AND |
| **Yeseira A. Diaz**, Miami Field Office Director, USCIS;) | REQUEST FOR DE NOVO |
|    Defendants ) | HEARING |
| ) | |

## COMPLAINT

Plaintiff Marcela Vega Garcia files this Petition for Review seeking de novo judicial review of the denial of her naturalization application pursuant to INA § 310(c), 8 U.S.C. § 1421(c), and 28 USC § 1331.

## PARTIES

1. Marcela Vega Garcia is a lawful permanent resident of the United States (LPR), and resides in Miami, Florida.

2. The United States Bureau of Citizenship and Immigration Services (USCIS) is the agency responsible for implementing the provisions of the Immigration and Nationality Act, and specifically 8 U.S.C. § 1421(c), et. seq., the provisions under which LPRs can apply for naturalization and become U.S. citizens.

3. Ud M. Jaddou is the current Director of USCIS. She is being sued in her official capacity.

4. Rob Mather is District Director for USCIS in Denver, Colorado. He is being sued in his official capacity.

5. Linda Swacina, is District Director for USCIS, Miami, Florida. She is being sued in her official capacity.

6. Yeseira A. Diaz is Field Office Director, USCIS, Miami, Florida. She is being sued in her official capacity.

## JURISDICTION

**7.** This action arises under the Immigration and Nationality Act (INA) of 1952, INA § 321(c), 8 U.S.C. §1421(c). This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 8 U.S.C. §1421(c) (jurisdiction to review denial of application for naturalization).

## VENUE

8. Venue in the Southern District of Florida is appropriate pursuant to 8 U.S.C. § 1421(c), because Plaintiff resides in this district. The named Defendants are officers of the United States acting in their official capacities. USCIS is the agency of the United States charged with immigration and naturalization matters. The events giving rise to the claim occurred in Denver, Colorado and in Miami, Florida. The denials occurred in Miami, Field office located at 8801 NW 7th Ave., Miami, Florida 33150, which denied Plaintiff's application for naturalization and her naturalization appeal.

## EXHAUSTION

9. Plaintiff has exhausted her administrative remedies. On or about June 26, 2015, Plaintiff submitted Form N-400, Application for Naturalization to USCIS.

10. On December 2, 2016, Defendant's designated agent Yeseira A. Diaz interviewed Plaintiff regarding her application for naturalization pursuant to 8 U.S.C § 1446.

11. On May 10, 2017, the Plaintiff's application was denied by Defendant Yeseira A. Diaz on the ground that Plaintiff had improperly obtained her status as legal permanent resident and was thus not eligible to apply for Naturalization and become a citizen.

12. On or about June 9, 2017, pursuant to 8 C.F.R. § 336.2(a), Plaintiff filed Form N-336 Request for a Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act, with the Miami Field Office and requested an administrative appeal hearing. Plaintiff presented additional evidence showing that she had properly obtained her LPR status as well as a memorandum of law supporting her case.

13. On June 28, 2018, Plaintiff appeared for an appeal hearing before the USCIS Miami office, pursuant to 8 U.S.C. § 1447(a). 8 C.F.R. § 336.2.

14. On July 6, 2018, Defendants and specifically agent Yeseira A. Diaz issued a final decision, denying Plaintiff Marcela Vega Garcia's naturalization application.

15. On March 19, 2021, Plaintiff filed a Petition for Review of her Naturalization Denial and Request for de Novo Hearing in the USDC Southern District Florida.

16. On September 28, 2021, the Plaintiff's Petition was dismissed without prejudice for lack of proper service.

## STATEMENT OF FACTS

15. Plaintiff, Marcela Vega Garcia is a native and citizen of Colombia and was born there on January 11, 1959. She married Alberto Romero in Colombia on August 17, 1979. They were married for over 25 years and the marriage produced two children. It is undisputed that this was a valid marriage.

16. On November 22, 2000, Plaintiff entered the United States legally.

17. On December 28, 2001, Plaintiff's husband Alberto Romero, then a legal permanent resident of the United States, filed an I-130 spouse petition for his wife.

18. On September 24, 2002, Alberto Romero became an American Citizen.

19. Having received no response from USCIS, on October 9, 2002, Alberto Romero again filed an I-130 petition for his wife, this time concurrently with the I-485 Adjustment of Status application and the application for employment authorization.

20. On May 22, 2003, Plaintiff attended an LPR interview in Denver Colorado. Her petition was approved and was told she would be receiving her permanent resident card shortly.

21. Plaintiff received a stamp on her passport dated October 2, 2003 indicating that she was a legal permanent resident. She also received her social security card and her petition for employment authorization was approved.

22. On August 10, 2004 Plaintiff and her husband were legally divorced in the United States but not in Colombia.

23. Plaintiff then permanently moved to Miami, Florida and USCIS transferred her case from Denver Colorado to Florida.

24. Plaintiff finally received her permanent residence card in Florida. However, the card had the incorrect indication that she had been a permanent resident since December 6, 2005 rather than May 22, 2003, when her application was approved in Denver.

25. On or about June 26, 2015, Plaintiff submitted her N-400 application for naturalization to USCIS.

26. On December 2, 2016 Plaintiff attended a Naturalization interview in Miami before USCIS Officer M. Tarantino ISO II.

27. On May 10, 2017 Plaintiff's Naturalization petition was denied by Yeseira Diaz, Field Office Director, Miami, claiming that Plaintiff did not qualify to be Naturalized because her divorce in 2004 had made her ineligible to become a legal permanent resident based on marriage and thus, she was now unable to be naturalized.

28. On or about June 9, 2017 Plaintiff filed a N-336 Request for Hearing on her Naturalization decision and included additional documents as evidence to support her claim.

29. On June 28, 2018 Plaintiff attended the N336 administrative hearing in Miami, Florida.

30. On July 6, 2018, USCIS reaffirmed Plaintiff's denial. The denial was signed by Yeseira A. Diaz, Director, the same person who had denied the Plaintiff's Naturalization petition.

## CLAIM FOR RELIEF

31. Plaintiff is filing this action within six years of the final denial of her naturalization application by Defendants.

32. Plaintiff has a right to obtain de novo judicial review pursuant to section 310(c) of the Immigration and Nationality Act, 8 U.S.C. §1421(c).

33. Plaintiff has complied with all the requirements for naturalization and is entitled under the law to become a United States citizen pursuant to 8 CFR 335.3(a).

34. The decision of USCIS is incorrect as a matter of fact and a matter of law. The evidence in the record establishes that at the time of her permanent resident petition, Plaintiff was the wife of an American citizen, and thus an immediate relative not subject to numerical limitations pursuant to 9 FAM 503.1-3(A). The record further shows that her permanent residence petition was approved in 2003, long before her divorce became final in the United States.

35. But for Defendants mislaid paperwork, erroneous conclusions, and long delays, Plaintiff would have received her permanent residence card with the correct date, which would have precluded Defendant's mistaken basis for denial.

36. The record further shows that contrary to USCIS's own regulations, the naturalization denial and reaffirmation of denial were given by the same person (Yeseira Diaz), making a mockery of the entire administrative review process. USCIS Policy Manual Chapter 6, (B)(1) specifies that the administrative hearing "should be conducted by an officer other than the officer who conducted the original examination or the officer who denied the application."

## PRAYER FOR RELIEF

WHERFORE, Plaintiff hereby requests the following relief of this Court:

1. Assume jurisdiction over this matter;
2. Conduct a de novo hearing on Plaintiff's application for Naturalization
3. Grant Plaintiff's application for naturalization
4. Administer the oath of allegiance or order Defendants to administer this oath
5. Award reasonable costs and attorneys' fees
6. Grant such further relief as the Court deems just and proper

Dated December 10, 2021                                             Respectfully submitted,

                                                                    Alina Cruz, Esq._____
                                                                    Florida bar No: 43629
                                                                    E-mail: CruzLawpa@gmail.com
                                                                    CruzLaw PA
                                                                    8306 Mills Drive, #344
                                                                    Miami, FL 33183
                                                                    Tel: (305) 445-1011
                                                                    Attorney for Plaintiff

# SERVICE LIST

**Merrick Garland**
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**Juan Antonio Gonzalez**
U.S. Attorney for Southern District Florida
99 N.E. 4th Street
Miami, Fl. 33132

**Cole Finegan**
U.S. Attorney for the District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202

**USCIS**
Office of the Chief Counsel
20 Massachusetts Avenue, NW
Room 4210
Washington, DC 20529
E-mail: uscis.serviceofprocess@uscis.dhs.gov
    Defendants to be served at the above USCIS address are:
    **Ud. M. Jaddou**, Director, USCIS
    **Rob Mather**, District Director USCIS, Denver
    **Linda Swacina**, District Director USCIS, Miami
    **Yeseira A. Diaz**, Miami Field Office Director, USCIS